Thelma S. **BERRY**

v.

**DIXFIELD CONVALESCENT CENTER, INC. d/b/a Dixfield Health Care Center.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1988.
Decided Dec. 13, 1988.

Thomas S. Carey (orally), Rumford, for plaintiff.

Barri L. Bloom (orally), Wendall Large, Richardson & Troubh, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Thelma S. Berry, personal representative of the estate of Cynthia L. Sharkey and limited conservator of decedent's minor children, appeals from a judgment entered in favor of defendant Dixfield Health Care Center in a wrongful death action, based on the Dram Shop Act and common law negligence, following a jury trial before the Superior Court (Oxford County, *Delahanty, J.*). Plaintiff argues that the special verdict form submitted to the jury was defective. We affirm the judgment.[1]

On December 17, 1983 the employees of the Dixfield Health Care Center held a Christmas party for themselves and their guests. Various employees of the Dixfield Health Care Center informally planned the 1983 Christmas Party. Funds for the party came from the soda machine located in the center. The organizers of the party opted for a "pot luck supper" followed by a dance with a live band in the American Legion Hall. Alcohol, as well as other beverages, were purchased from the soda machine fund. Paula Varney, administrator of the center, asked certain employees and their spouses to tend bar. She gave them no specific instructions on what to serve or how much. Those who tended bar were not paid for their services and were inexperienced.

Michael Sharkey attended the party with his wife Cynthia who worked as a nurse's aide at the Dixfield Health Care Center. Michael testified at trial that he drank between six to twelve beers at the party and two to three drinks of hard liquor. Michael and Cynthia left the party between 11:00 and 11:30. While enroute to pick up their children, Michael speeded past another car, traveling at 60 miles per hour in a 25 mile per hour zone and hit a tree. The car was demolished and Cynthia died immediately. Michael testified that he believed that his level of intoxication played a role in his wife's death. A blood alcohol test performed on Michael revealed a blood alcohol content of .16.

Plaintiff argues on appeal that the trial court erred in submitting interrogatory number 1 of the special verdict form to the jury. That interrogatory reads as follows:

Were the persons volunteering at the party given at the American Legion Home serving as agents of Dixfield Convalescent Center?

She contends that the wording of the interrogatory causes the jury to accept as fact that all the persons serving at the party were volunteers. According to plaintiff the jury may not have considered certain individuals, particularly Paula Varney, who allegedly was in charge of the party, as a volunteer. Rather, the jury may have considered those individuals as defendant's employees. Plaintiff further contends that the court's explanation of the term "volunteering" as those who were "helping out at the party" failed to cure the defect. Consequently, plaintiff argues that inter-

---

1. Defendant cross appeals the trial court's denial of its motions to dismiss and for a directed verdict. Because we affirm the judgment we need not address defendant's argument.

rogatory number 1 did not permit the jury to consider whether Paula Varney, acting on behalf of the center, was negligent.

Plaintiff's argument is not preserved for appeal. The trial justice gave plaintiff's counsel an opportunity to draft and submit an alternative interrogatory but counsel failed to do so.[2] Moreover, following the court's instructions to the jury, counsel failed to renew his objection to the interrogatory, and failed to object to the trial court's instructions regarding the meaning of the term "volunteering" as used in the interrogatory. *See* M.R.Civ.P. 51(b). We therefore review the alleged error only to determine whether the error "deprived [defendant] of a fair trial and resulted in injustice." *Eckenrode v. Heritage Management Corp.*, 480 A.2d 759, 763 (Me. 1984). Applying that standard, we find no basis for disturbing the judgment below.

The entry is: JUDGMENT AFFIRMED.

All concurring.

---

**2.** Initially the defense submitted an interrogatory that referred to "persons working at the party." As a result of plaintiff's objection, the word "volunteering" was substituted. Because plaintiff's counsel remained unsatisfied with the interrogatory, however, the court invited the submission of an alternative draft by the following morning. Plaintiff's counsel responded with an interrogatory that followed the defendant's initial interrogatory and referred to "persons working."